UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARLTON PINDEXTER (#114515)

VERSUS                                              CIVIL ACTION

LESLIE DUPONT, ET AL                                NUMBER 08-91-JVP-SCR

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 17, 2008.

                                           */s/ Stephen C. Riedlinger*
                                         STEPHEN C. RIEDLINGER
                                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARLTON PINDEXTER (#114515)

VERSUS                                                          CIVIL ACTION

LESLIE DUPONT, ET AL                                 NUMBER 08-91-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Assistant Warden Leslie Dupont, Assistant Warden Darryl Vannoy, Deputy Warden Richard Peabody, Warden Shirley Coody and Warden Burl Cain.  Plaintiff alleged that he was not permitted to visit his terminally ill father in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of

facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

Plaintiff alleged that in October 2005, he was advised that his father was hospitalized with a terminal illness. Plaintiff alleged that prison officials approved his request to visit his father in the hospital. Plaintiff alleged that because of a state of emergency created as a result of Hurricanes Katrina and Rita, his trip was cancelled. Plaintiff alleged that he was not allowed to visit his father or speak to him by telephone. Plaintiff alleged that he suffered mental anguish and emotional pain as a result of the decision to cancel his visit with his father.

Subsection (e) of 42 U.S.C. § 1997e provides the following:

> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the plaintiff's allegations showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged cancelled visit.

Plaintiff alleged that the defendants responded erroneously to his administrative grievance.

Plaintiff does not have a constitutional right to an error-free response to his administrative grievance.

Because it is clear that the plaintiff's claim has no arguable

basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 42 U.S.C. § 1997e(e) and 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 42 U.S.C. § 1997e(e) and  28 U.S.C. § 1915(e)(2)(B)(ii).

Baton Rouge, Louisiana, March 17, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1]  Section 1915 of Title 28 was amended to add subsection (g) which provides the following:
   (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.